1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

ANTHONY J. WHEELER, *et al.*,

Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE,
INC., *et al.*,

Defendants.

Case No.  C14-117RSL

ORDER DENYING MOTION
FOR TEMPORARY
RESTRAINING ORDER

13

14

15

16

17

18

19

20

This matter comes before the Court on Plaintiffs' motion for temporary restraining order (Dkt. # 6).  Plaintiffs seek to enjoin Defendants Wells Fargo Home Mortgage Inc. and Wells Fargo Bank, N.A. (collectively "Wells Fargo")), and Regional Trustee Services Corporation ("Regional Trustee") from proceeding with the trustee sale of their home in Seattle, Washington, scheduled for February 7, 2014.  Having considered the complaint and the accompanying documents, and the parties' memoranda and supporting documents, and the remainder of the record, the Court DENIES Plaintiffs' motion.[1]

21

22

23

24

25

[1] The Court DENIES Plaintiffs' request to strike Wells Fargo's opposition as untimely. Dkt. # 12.  Contrary to Plaintiffs' argument, nothing in the Court's minute order required Wells Fargo to submit its opposition before 5:00 p.m. on January 31, 2014.  Dkt. # 8 ("Defendants' opposition, if any, shall be filed and served on Plaintiffs no later than Friday, January 31, 2014.").  Additionally, this Court's electronic filing procedures, which are located on the Court's website, provides that "Unless otherwise ordered by the court, filing deadlines shall be 11:59 PM Pacific Time on the day the pleadings are required to be filed." http://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProceduresAmended12.20.12.pdf

26

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 1

# I. BACKGROUND

On June 11, 2007, Plaintiffs obtained a "pick-a-payment" home loan from World Savings Bank, FSB ("WSB"), and executed a Deed of Trust to secure the loan naming WSB the Beneficiary.  Dkt. # 4-1 6; Dkt. # 6-3 at 1.  WSB later changed its name to Wachovia Mortgage, F.S.B. and merged with Wells Fargo.  See Dkt. # 4-1 at 63-64.  In August 2010, Plaintiffs defaulted on their loan.  Dkt. # 4-1 6.  Approximately one year later, Wells Fargo appointed Regional Trustee as the successor trustee.  Id.  On June 21, 2013, Regional Trustee recorded a Notice of Trustee Sale indicating that the sale would take place on October 25, 2013, at 10:00 a.m.  Id. at 66-70.

Plaintiffs and Wells Fargo participated in two mediation sessions pursuant to Washington's Foreclosure Fairness Act ("FFA"), one in October 2013 and another in December 2013, to try to avoid foreclosure.  Dkt. # 4-1 at 7.  After the second session, the mediator issued a certificate stating that Wells Fargo failed to mediate in good faith with Plaintiffs because Wells Fargo "refused to explain or explore the difference in the [principal and interest] calculations."  Dkt. # 6-4 at 2.

Plaintiffs filed a complaint in King County Superior Court on December 31, 2013, alleging that Defendants violated the Washington Consumer Protection Act ("CPA") and Washington Deed of Trust Act ("DTA") by failing to participate in good faith in the pre-foreclosure mediation.  Dkt. # 4-1 at 4, 7-8, 10.  Plaintiffs also assert claims of breach of the implied duty of good faith and fair dealing and negligent infliction of emotional distress.  Id. at 9-11.  Wells Fargo removed this case on January 23, 2014.  Dkt. # 1.

## II.  ANALYSIS

Although the procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, the factors considered by the Court are the same.  A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Additionally, a "preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates irreparable harm and that the injunction is in the public interest.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

The DTA governs the procedures and requisites for nonjudicial foreclosures in Washington.  Cox v. Helenius, 103 Wn.2d 383, 388 (1985); see also Yawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115, 1121 (W.D. Wash. 2010).  "The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130."  CHD, Inc. v. Boyles, 138 Wn.App. 131, 137 (2007).  Under the DTA, "[t]he court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed."  RCW 61.24.130(1).

Wells Fargo does not oppose the entry of a temporary restraining order as long the order enjoining the sale is conditioned upon Plaintiffs' payment to the clerk of $119,984.17, which represents the amount overdue on the loan as of the date of the Notice of Trustee Sale, and ongoing payments of $3,247.58, the total amount due on a

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 3

monthly basis under the loan, every thirty days.  Dkt. # 11 at 5.  Contrary to Wells

Fargo's argument, Dkt. # 11 at 4, the DTA does not require a borrower who has

defaulted on a loan to pay the clerk of court the total amount of the default before a

court may enjoin a trustee sale.  Rather, the DTA provides that "[i]n the case of default

in making the periodic payment of principal, interest, and reserves, such sums shall be

the periodic payment of principal, interest, and reserves paid to the clerk of the court

every thirty days."  Id. (emphasis added).[2]

Nonetheless, Plaintiffs have not offered to pay the clerk of court the periodic

amount of principal, interest and reserves due on the loan.  Although the mediator's

certification that Wells Fargo failed to participate in good faith constitutes a defense to a

nonjudicial foreclosure under the FFA, RCW 61.24.163(14)(a), Plaintiffs fail to provide

any authority, and the Court is not aware of any, indicating that the FFA dispensed with

the DTA's requirement that a person seeking to enjoin a trustee sale must pay the clerk

of court the sums due on the obligation before the court may restrain a sale.  This failure

is fatal to Plaintiffs' claim for an injunction because the DTA provides the only means

by which one can seek to enjoin a trustee's sale.  Cox, 103 Wn.2d at 388; see also

Frizzell, 313 P.3d at 1175 ("Conditioning an injunction upon payment of appropriate

sums promotes efficiency in the nonjudicial foreclosure process by making it clear to

courts what a party must do to restrain a foreclosure sale.").  If Plaintiffs were to comply

with the DTA by paying the clerk of court the periodic amount of principal, interest and

reserves due on the loan, $3,247.58, the Court would reconsider the denial of the

---

[2] Wells Fargo relies on the Washington State Supreme Court's recent decision in
Frizzell v. Murray, 313 P.3d 1171 (Wash. 2013), to support its argument that the DTA requires
a borrower to pay the total amount of the default before a court may enjoin a trustee sale.
However, the court's holding was not as broad as Wells Fargo contends.  The court's inquiry in
Frizzell was limited to whether obtaining an injunction of a trustee sale conditioned upon
payment to the court and a subsequent failure to make that payment results in a waiver of
claims under the DTA and if so, which claims.  313 P.3d at 1173.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 4

temporary restraining order because Plaintiffs have shown that they are likely to suffer irreparable harm in the absence of a restraining order, there is a likelihood of success on the merits, and restraining the trustee sale in the present circumstances is in the public interest.

First, the Court does not question that Plaintiffs are likely to suffer irreparable harm in the absence of an injunction, as they are at risk of losing their home.  Second, in light of the mediator's certificate that Wells Fargo failed to mediate in good faith, the Court finds a likelihood that Plaintiffs will succeed on their DTA claim.  RCW 61.24.163(14)(a).  Furthermore, a violation of the FFA's duty of good faith constitutes "an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the [CPA]."  RCW 61.24.135(2).  While Wells Fargo is entitled to rebut the allegation that it failed to act in good faith, RCW 61.24.163(14)(a), Wells Fargo has not provided any evidence refuting the allegation at this point in the proceedings.  Thus, Plaintiffs have shown a likelihood of success on their CPA claim.  Finally, the Court finds that it would not be in the public interest to allow a trustee sale to go forward where there are serious questions regarding whether Wells Fargo acted in good faith in its attempt to modify the loan to avoid foreclosure as required under the FFA.

### III.  CONCLUSION

For all the foregoing reasons, the Court DENIES Plaintiffs' motion for temporary restraining order (Dkt. # 6).

DATED this 4th day of February, 2014.

*Mark S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 5